58 CCPA
**Application of Roland Ralph DiLEONE.**
**Patent Appeal No. 8410.**

United States Court of Customs and Patent Appeals.
Feb. 11, 1971.

James T. Dunn, Stamford, Conn., attorney of record, for appellant. Harry H. Kline, Stamford, Conn., of counsel.

S. Wm. Cochran, Washington, D. C., for the Commissioner of Patents. R. E. Martin, Washington, D. C., of counsel.

Before RICH, ALMOND, BALDWIN and LANE, Judges, and NEWMAN, Judge, United States Customs Court, sitting by designation.

LANE, Judge.

This appeal is from the decision of the Patent Office Board of Appeals, which affirmed the rejection of all claims in appellant's application serial No. 589,521, filed October 26, 1966, for "Products." We affirm.

The invention claimed is a class of thermoplastic polyimide resinous reaction products which are said to be particularly useful as high-temperature-

stable synthetic resins. Claim 11, from which all the other appealed claims depend, reads as follows:

11. A thermoplastic polyimide having recurring units of:

[A3617]

wherein R is a divalent organic radical and wherein R′ is selected from the group consisting of hydrogen and an alkyl group containing from 1 to 7 carbon atoms and wherein R″ is selected from the group consisting of hydrogen and an alkyl group containing from 1 to 7 carbon atoms wherein R′ and R″ may both be hydrogen, but wherein only one of R′ and R″ may be an alkyl group containing from 1 to 7 carbon atoms.

Although the board stated that the rejection was for "failing to particularly point out the disclosed invention," the remainder of the board's opinion makes it quite clear that the rejection was for insufficient disclosure, more specifically for failure of the specification to meet the description requirement of the first paragraph of 35 U.S.C. § 112 as to the broad claims on appeal. See In re Borkowski, 422 F.2d 904, 57 CCPA 946 (1970). As noted by the board, the specification discloses polyimides of the following structure:

[A3618]

wherein R and R′ are defined as in claim 11, supra, and A and A′ are certain specified amino radicals. The board stated that such disclosure described only polyimides "in which 'n' repeating units were joined together," whereas the claims were broad enough to embrace copolymers having two or more units of the basic structure at any points in the chain, with any number of comonomers between them.

Appellant has failed to bring to our attention anything in the specification, including the claims as originally filed, which would broaden his description of polyimides by removing the requirement that there be a plurality of units of the basic structure joined directly together. Appellant's heavy reliance on Ex parte Sawyer, 130 USPQ 476 (P.O.Bd.App. 1961), is misplaced. The board in that case held that composition claims need not be limited by using the expression "consisting essentially of" unless required to overcome prior art. However, the specification's description of composition ingredients there was as broad as the recitation thereof in the claims, and the claims were accordingly held not "broader than the disclosure."

We find no error in the board's decision.

Affirmed.